UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU K. THOMPSON,<br><br>           Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON; WILLIAM J. SULLIVAN; U. BANIGA,<br><br>           Defendants. | Case No.  1:22-cv-00848-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  1) |

Plaintiff Sekou K. Thompson, a state prisoner who is proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on July 11, 2022.  (Doc. No. 1). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. No. 2, "IFP").  The undersigned recommends Plaintiff be denied IFP status and he be required to pay the full filing fee due to his inmate trust statement reflecting sufficient deposits and available funds.

**I. BACKGROUND**

Plaintiff is currently confined at the Correctional Training Facility.  (*See* docket).  In his IFP application, Plaintiff declares he is unable to pre-pay the full amount of fees and costs for these proceedings or give security and believes that he is entitled to the relief sought in his complaint.  (Doc. No. 2 at 1).  A certification completed by an authorized prison official states Plaintiff: (1) currently has an available balance of $2,206.16 in his inmate account; (2) had an average six-month balance of $2,635.06; and (3) had average deposits of $110.83 over the last

six-months. (*Id.* at 3-5). Plaintiff's Income Statement appended to his IFP application reflects routine monthly deposits. (*Id*. at 4-5).

## II. APPLICABLE LAW

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under the PLRA, prisoners must pay the full amount of the fee. *Id*. 1915(b)(1). Thus, when a prisoner brings a civil action, he must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Proceeding IFP is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Although an IFP applicant need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). The courts are inclined to reject ifp applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g*. *Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), *report and recommendation adopted*, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1000, despite being decreased to

$470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), *report and recommendation adopted*, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of $1297.21 sufficient to pay $402 filing fee and denying ifp); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (despite plaintiff initially being permitted to proceed ifp, ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying ifp because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action.").

### III. ANALYSIS

Plaintiff's indigency due to his prisoner status is not axiomatic. While a balance of approximately $2,200.00 appears modest at first blush it is not inconsequential considering Plaintiff does not incur expenses in prison for necessities such as sustenance, housing, and medical care. Although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by Plaintiff reflects he has sufficient funds to pre-pay the $402.00 filing fee in full to commence this action and still have adequate funds left over for any incidental personal or commissary expenses. Indeed, even if the court granted IFP status, based on Plaintiff's six-month average, the initial payment assessed would exceed the required $402.00 filing fee. 28 U.S.C. § 1915((b)(1)(B) (requiring court to assess 20% of the greater of the average monthly deposits or average monthly balance).[1]

Should Plaintiff wish the Court to consider any additional information or should his available balance change by the time he receives these Findings and Recommendations, he may advise the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. *See also Collier v. Tatum*, 722 F.2d 653, 656 (11th Cir. 1983) (stating district court may consider an unexplained decrease in

---

[1] Twenty percent of Plaintiff's six-month average balance of $2635.06 would be $527.01).

an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).  Plaintiff should further advise the Court whether he wishes to proceed in this action or voluntarily dismiss the action if required to pay the full filing fee.

Based on the foregoing, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be denied.  If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $402.00 filing fee in full.

Accordingly, it is **ORDERED**:

The Clerk shall randomly assign a district court judge to this case.

It is further **RECOMMENDED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be DENIED.

2. Plaintiff be required to pay the full $402.00 filing fee within a set time period, absent which the Court will dismiss this action without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  July 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE