**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEKOU K. THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, WILLIAM J. SULLIVAN, U. BANIGA,<br><br>　　　　Defendants. | Case No. 1:22-cv-00848 JLT HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PAYMENT OF THE FILING FEE<br><br>(Docs. 2, 5) |

Sekou K. Thompson asserts he suffered violations of his Eighth Amendment rights while incarcerated at the California Correctional Institution and seeks to state a claim pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff seeks leave to proceed in *in forma pauperis* in this action. (Doc. 2.)

The magistrate judge reviewed Plaintiff's application, which included the Inmate Statement Report. (Doc. 5.) The magistrate judge observed that the "certification completed by an authorized prison official states Plaintiff: (1) currently has an available balance of $2,206.16 in his inmate account; (2) had an average six-month balance of $2,635.06; and (3) had average deposits of $110.83 over the last six-months." (*Id*. 1-2, citing Doc. 2 at 3-5.) Based upon the information provided, the magistrate judge found Plaintiff had sufficient funds in his inmate account to pay the full filing fee, "and still have adequate funds left over for any incidental personal or commissary expenses." (*Id.* at 3.) Thus, the magistrate judge recommended

Plaintiff's application to proceed IFP be denied. (*Id.* at 4.)

On July 28, 2022, Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 6.) In the objections, Plaintiff notes that the $2,206.00 available funds in his inmate trust fund account were from Covid-19 stimulus money. (*Id.* at 1-2.) Plaintiff requests the Court not adopt the Findings and Recommendations and instead allow him to proceed *in forma pauperis*. (*Id.* at 1-4.) Plaintiff references the costs of comfort items he purchases in prison, explaining only approved vendors may sell to prisoners and inflation resulted in increased prices. (*Id.* at 2-3.) Plaintiff also submits that inflation may impact the amount of money sent from "outside supporters [who] may be less able to provide help." (*Id.* at 3.)

Importantly, the Court is entitled to consider the economic priority that an IFP applicant placed on the use of his money, received from any source. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School*, 9 F.3d 1448, 1449 (9th Cir. 1993). Thus, the Court may consider an inmate's use of available funds for items other than the payment of a filing fee. *See, e.g., Olivares*, 59 F.3d at 112 (finding the court "was entitled to consider Oliveres's own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary" in evaluating an IFP application); *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor."). Although Plaintiff may wish to prioritize his comfort item purchases from prison vendors over his obligation to pay the filing fee, his preference to save available funds for this purpose does not mandate permission to proceed *in forma pauperis*. Moreover, as the magistrate judge determined, Plaintiff may pay the filing fee and still have funds for personal and incidental purchases.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file—including Plaintiff's objections—the Court concludes the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 12, 2022 (Doc. 5) is **ADOPTED** in full.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is denied.
3. Within 21 days following service of this order, Plaintiff shall pay the required $402.00 filing fee in full to proceed with this action.
4. **<u>Plaintiff's failure to pay the filing fee with the specified time will result in the dismissal of this action without prejudice.</u>**

IT IS SO ORDERED.

Dated:  **August 17, 2022**

UNITED STATES DISTRICT JUDGE

3